UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAIMUNDO A. HOGAN,

      Plaintiff,

v.                                    Case No. 3:19-cv-1179-J-39JBT

DEREK A. PRATICO,

      Defendant.
_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

Plaintiff, a federal inmate, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) and a motion to proceed as a pauper (Doc. 3). He names one Defendant: Derek A. Pratico, a detective with the Jacksonville Sheriff's Office (JSO). Plaintiff asserts a Fourth Amendment violation against Detective Pratico for intentionally and knowingly giving a false statement to the grand jury "during his application for an arrest warrant." Compl. at 3-4. As relief, Plaintiff seeks compensatory damages in the amount of $5,000,000 for the Fourth Amendment violation and nominal damages because his "fundamental rights [have] been violated." Id. at 7.

This is the second complaint Plaintiff has filed against Detective Pratico related to his federal conviction. See Case No. 3:19-cv-727-J-39JBT (dismissed because Detective Pratico is

entitled to absolute immunity for his grand jury testimony).[1] Plaintiff again alleges Detective Pratico knowingly provided false testimony before the grand jury. See Compl. at 5. According to Plaintiff, Detective Pratico falsely testified to the grand jury that the federal indictment correctly referenced the serial number of the gun Plaintiff was charged with possessing.[2] Id. Plaintiff also references Detective Pratico's "application for a [f]ederal [a]rrest warrant," suggesting Pratico provided false information in support of a warrant affidavit. Id. at 6.

In support of his allegations, Plaintiff offers three exhibits. Exhibit A is a report of the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), prepared at the request of Detective Pratico, in which the reporting agent concludes a gun with serial number KTV892 had moved in interstate commerce (Doc. 2-1). Exhibit B is a second ATF report summarizing an interview with a witness to the incident for which

---

[1] Notably, Plaintiff also filed a civil rights complaint against the Assistant Federal Public Defender who represented him in the underlying criminal action. See Case No. 3:19-cv-376-J-34MCR (dismissed for failure to state a claim). Plaintiff alleged his attorney conspired with the Assistant United States Attorney who prosecuted the case to conceal exculpatory evidence.

[2] Plaintiff does not provide a copy of the indictment. However, the Court takes judicial notice of the indictment filed in Case No. 3:16-cr-139-J-32JRK (Doc. 1) on September 21, 2016, which records the serial number of the gun Plaintiff was charged with possessing as KTV892.

2

Plaintiff was arrested, which notes a gun with serial number KYU892 was recovered at the scene (Doc. 2-2). Exhibit C is a partial transcript of Detective Pratico's grand jury testimony dated September 21, 2016, in which Pratico affirmed the serial number of the gun referenced in the indictment (KTV892) was correct (Doc. 2-3; Ex. C.). It is this testimony Plaintiff contends was false and led to his arrest. See Compl. at 5-6.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiff is a federal inmate seeking relief with respect to a federal criminal prosecution and conviction. As such, his claim arises under Bivens v. Six Unknown Named Agents of Fed. Bureau of

Narcotics, 403 U.S. 388 (1971). An action under Bivens is similar to an action under 42 U.S.C. § 1983 except that a Bivens action is maintained against federal officials while a § 1983 case is against state officials.[3] See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). Generally, when analyzing a Bivens claim, courts apply case law interpreting § 1983 cases. See, e.g., Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011).

Plaintiff's Bivens claim is subject to dismissal under this Court's screening obligation. To the extent Plaintiff's claim against Detective Pratico is based solely on Pratico's grand jury testimony, Detective Pratico enjoys absolute immunity even if his testimony was false. The Supreme Court has held, "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." Rehberg v. Paulk, 566 U.S. 356, 369 (2012), aff'g 611 F.3d 828 (11th Cir. 2010). Accord Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) ("Police officers enjoy the same absolute immunity as lay witnesses for their testimony at trial or in front of the grand jury.") (internal citation omitted); Kelly v. Curtis, 21 F.3d 1544, 1553 (11th Cir. 1994) (emphasizing the Eleventh Circuit "has held that testimony before a grand jury is protected by absolute immunity").

---

[3] Detective Pratico, while employed by JSO, is "cross sworn as a task force officer with ATF." See Ex. C at 2.

To the extent Plaintiff contends Detective Pratico provided false information in support of an application for an arrest warrant, the Court takes judicial notice that Detective Pratico did not apply for an arrest warrant of Plaintiff. Rather, the United States Attorney's Office investigated the case and charged Plaintiff by federal indictment. See Case No. 3:16-cr-139-J-32JRK. On September 21, 2016, the day Detective Pratico testified, the grand jury returned an indictment against Plaintiff charging him with possession of a firearm that affected interstate commerce after having been convicted of a felony. See Doc. 1, Case No. 3:16-cr-139-J-32JRK. Also on September 21, 2016, an Assistant United States Attorney filed a "motion for capias" based upon the return of the indictment. See Doc. 2, Case No. 3:16-cr-139-J-32JRK.

Even though Detective Pratico's grand jury testimony supported the motion for Plaintiff's arrest, Detective Pratico still enjoys absolute immunity. The Eleventh Circuit has "expressly rejected[ed] carving out an exception to absolute immunity for grand jury testimony, even if false and even if [the detective] were construed to be a complaining witness." Rehberg, 611 F.3d at 839-40 (quoting and altering Jones, 174 F.3d at 1287 n.10).

Finally, Plaintiff's conviction has not been invalidated.[4] As such, he cannot maintain a civil rights action against Detective Pratico challenging his conviction where a judgment in his favor "would necessarily imply the invalidity of his conviction." See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B).

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of December, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Raimundo A. Hogan

---

[4] The Eleventh Circuit Court of Appeals affirmed Plaintiff's conviction despite his argument that there was a discrepancy in the gun's serial number, which the court noted was "essentially a reprise of [his] trial defense." See United States v. Hogan, 778 F. App'x 642, 645 (11th Cir. 2019). Additionally, Plaintiff has filed a motion to vacate under 28 U.S.C. § 2255, asserting in part that his counsel was ineffective for failing to call Detective Pratico as a witness to testify about the discrepancy in the gun's serial number. See Doc. 102, Case No. 3:16-cr-139-J-32JRK.

6